**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1889
_____

JASON SAMARITANO,
Appellant

v.

STATE OF NEW JERSEY; GLENN GRANT, in his official capacity; CRISTEN
D'ARRIGO, Judge, New Jersey Superior Court, Law Division, Criminal Part,
Cumberland County, in his official capacity; BENJAMIN C. TELSEY, Assignment
Judge, New Jersey Superior Court, Cumberland County, in his official capacity;
WILLIAM SCHARFENBERG, Assistant Prosecutor, Ocean County, in his individual
capacity; LESLIE SNOCK, Assistant County Prosecutor in her individual capacity;
TAYLOR TOSCANO, Assistant County Prosecutor, in her individual capacity; DAVID
FOOTE, New Jersey State Police, Law Enforcement Officer, in his individual capacity;
LOUIS PINTARO, in his individual capacity; LAW OFFICES OF JONATHAN F.
MARSHALL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:24-cv-04102)
District Judge:  Honorable Georgette Castner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 23, 2025
_____

Before:  PHIPPS, CHUNG, and ROTH, *Circuit Judges*

(Filed: June 2, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PHIPPS, *Circuit Judge*.

A defendant who pleaded guilty in state court to charges related to fraud and stalking asserts that those charges had been initiated because of a state-wide conspiracy against him. He further alleges that a cyber harassment statute under which he had been prosecuted criminalized speech protected by the First Amendment and that he is being denied his Sixth Amendment right to counsel in the ongoing criminal case. But instead of pursuing redress in the state courts for those putative constitutional violations, he initiated this civil rights suit in the District Court to challenge those charges and then sought to enjoin his pending state-court sentencing proceedings. After the District Court declined to stay those proceedings on *Younger* abstention grounds, *see Younger v. Harris*, 401 U.S. 37 (1971), the defendant filed this appeal. On *de novo* review, *see PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 881 n.11 (3d Cir. 2020), we will affirm.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

By early 2023, Jason Samaritano had been charged in five criminal proceedings in the Superior Court of New Jersey in Cumberland County. Four of those cases concerned fraud he had allegedly committed through his work as a construction contractor. The remaining case charged Samaritano with harassing and threatening state judges and prosecutors through several means, including a Facebook post in which Samaritano allegedly listed certain judges' and prosecutors' names and home addresses and warned that there was "MORE TO COME." Compl. ¶ 52 (App. 54). In March 2023, pursuant to a global plea agreement, Samaritano pleaded guilty to charges in three of the fraud-related proceedings and the stalking-related proceeding, and the charges in the final fraud-related proceeding were dismissed.

One year later, but before he was sentenced for any of the offenses, Samaritano initiated a suit in the District Court against several judges and prosecutors, as well as a police officer, the law firm that had previously represented him, and an attorney at that firm. His complaint included claims under 42 U.S.C. § 1983 that those parties had violated his First and Fourteenth Amendment rights. To support those claims, he contended that a prosecutor who owned a construction business was bringing charges against his competitors, who included Samaritano. He also averred that the indictments, reports, and grand jury testimony included false and misleading information. And as to the online posts, he asserted that they were discovered only because state employees were stalking his online profile and that prosecuting him for those statements violated his First Amendment rights.

On May 9, 2024, the day before his scheduled sentencing hearing in state court, Samaritano filed a motion for a temporary restraining order or preliminary injunction in his federal case to stay the state-court proceedings. In addition to contesting the validity of his guilty plea, he argued that the state court was denying him his Sixth Amendment right to counsel by refusing to permit him to be represented by the person of his choosing – an attorney who had been suspended from practicing law in New Jersey for refusing to pay sanctions imposed for an ethics violation. Samaritano also asserted that the New Jersey Attorney General was violating his due process rights by refusing to investigate the misconduct alleged in his complaint.

In exercising federal-question and civil-rights jurisdiction over Samaritano's claims, *see* 28 U.S.C. §§ 1331, 1343, the District Court denied that motion, citing *Younger v. Harris*, 401 U.S. 37 (1971). Through a timely notice of appeal of the order denying his motion for a preliminary injunction, Samaritano invoked this Court's appellate jurisdiction over that order. *See* 28 U.S.C. § 1292(a)(1).

Samaritano has received the carceral part of his sentence, but his criminal proceedings are still pending in Cumberland County. On May 24, 2024, he was sentenced to 364 days' imprisonment with credit for time served and to three years' probation. But the Superior Court has not yet determined whether Samaritano owes restitution to the victims of his fraud – that hearing is scheduled for June 27, 2025.

## DISCUSSION

Generally, a federal court has a "virtually unflagging" obligation to hear a case within its jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). But as an exception to that principle, *Younger* abstention prohibits a federal court from enjoining ongoing state-court criminal proceedings absent "exceptional circumstances creating a threat of irreparable injury 'both great and immediate.'" *Kugler v. Helfant*, 421 U.S. 117, 123 (1975) (quoting *Younger*, 401 U.S. at 46).[1] Because the Cumberland County Superior Court has not yet resolved the restitution component of Samaritano's sentence, he is subject to ongoing state-court criminal proceedings, and thus this case turns only on the applicability of the extraordinary-circumstances safety valve.

As a baseline, the "cost, anxiety, and inconvenience" that normally accompany a criminal prosecution do not qualify as extraordinary circumstances. *Younger*, 401 U.S. at 46. Rather, recognized extraordinary circumstances include "bad faith, harassment, or a

---

[1] The Supreme Court has extended the *Younger* doctrine to quasi-criminal civil enforcement proceedings. *See Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023). When the state-court proceedings are quasi-criminal, they must satisfy three supplemental conditions – commonly referred to as the *Middlesex* conditions – to warrant abstention. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Borowski*, 68 F.4th at 849 (citing *Middlesex*, 457 U.S. at 432). But when, as here, the state-court proceedings are criminal, it is not necessary to consider the *Middlesex* factors. *See Borowski*, 68 F.4th at 849; *see also Sprint*, 571 U.S. at 81 (explaining that the *Middlesex* factors should not be "[d]ivorced from their quasi-criminal context").

patently invalid state statute." *Sprint*, 571 U.S. at 77 (citing *Younger*, 401 U.S. at 53–54); *cf. Evans v. Ct. of Common Pleas*, 959 F.2d 1227, 1234–35 (3d Cir. 1992) (acknowledging that extraordinary circumstances can include situations in which a trial would constitute double jeopardy and thus deprive a defendant of the right not to stand trial that could not later be vindicated). Here, Samaritano's conclusory, unsupported assertions of a conspiracy against him are insufficient to demonstrate bad faith or harassment. *See Kugler*, 421 U.S. at 126 n.6 (explaining that in the context of *Younger* abstention, 'bad faith' "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Evans*, 959 F.2d at 1234 ("[E]ven a claim of prosecutorial vindictiveness will not suffice to overcome the general principle that federal review of a criminal prosecution is unavailable before the state proceeding is completed."). And despite Samaritano's protestations otherwise, the New Jersey cyber harassment statute, *see* N.J. Stat. Ann. § 2C:33-4.1(a), that provided the basis for some of the counts for which he was originally charged, is not patently invalid, *cf. United States v. Yung*, 37 F.4th 70, 77–81 (3d Cir. 2022) (upholding a similar statute as constitutional under a narrow reading); *State v. Carroll*, 196 A.3d 106, 115 (N.J. Super. Ct. App. Div. 2018) (concluding that there was no probable cause in a prosecution under § 2C:33-4.1 but treating the statute as valid). Nor is there any reason to believe that Samaritano would not have adequate redress in the New Jersey state court system. *See Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) ("[I]nvocation of the 'extraordinary circumstances' exception must bring into play the suggestion of an inability of the state forum to afford an adequate remedy at law."). Without any extraordinary circumstances, *Younger* abstention prevents a federal court from enjoining Samaritano's state-court criminal proceedings.

**CONCLUSION**

For the reasons above, we will affirm the order of the District Court denying Samaritano preliminary injunctive relief.